FERGUSON, APPELLEE, *v.* LAUX ET AL., APPELLANTS.

(Decided October 7, 1937.)

Mr. *Arden W. Wisman,* for appellee.
Mr. *E. J. Myers,* Mr. *O. W. Kennedy* and Mr. *Alfred S. Leuthold,* for appellants.

GUERNSEY, P. J.   This is an appeal on questions of law and fact from a judgment of the Court of Common Pleas of Crawford county, Ohio.   It is an action in partition brought by the plaintiff, Eugene Ferguson, against the defendants, Wallace Laux and Clarence Kark, to which R. L. Geiger was, on his own motion, made a party defendant.
On the trial of this case in this court it was conceded

by all the parties in open court that the plaintiff, Eugene Ferguson, as the grantee of William Fred Laux, is the owner of the undivided one-half of the real estate sought to be partitioned herein, as a tenant in common with the defendant Wallace Laux, who is the owner of the other undivided half, and that the plaintiff is entitled to partition herein; that R. L. Geiger, who was on his own motion made a party defendant herein and who filed an answer and cross-petition praying for judgment on a note and foreclosure of a mortgage securing the same, is the owner and holder of a certain promissory note executed and delivered to him on December 20, 1935, subsequent to the commencement of this action, by the defendant Wallace Laux and his wife Hilda Laux, in the sum of $555.51, payable to the order of R. L. Geiger six months after date with interest at six per cent per annum, which evidences the amount charged by R. L. Geiger for caskets, funeral and undertaking services furnished by him for the burial of Caroline Kark, the mother, and David Kark, the stepfather of Wallace Laux and William Fred Laux. It was further conceded by all the parties hereto, in open court, that the payment of this note is secured by a mortgage of even date therewith, executed and delivered by Wallace Laux and his wife Hilda Laux to defendant R. L. Geiger, on the undivided one-half of the real estate in controversy in this action owned by Wallace Laux, and that the mortgage has been duly filed for record and recorded and that the condition thereof has been broken, and that there is due on the mortgage indebtedness the sum of $555.51 with interest at six per cent per annum from December 20, 1935.

While the defendant Wallace Laux pleaded a number of defenses, counterclaims and cross-equities to the petition of the plaintiff and to the note and mortgage indebtedness aforesaid, he, through his counsel in open court, expressly waived and disclaimed any

defense, counterclaim or cross-equity to the petition and the cross-petition of the defendant R. L. Geiger other than a cross-equity based on the claimed facts that the defendant Wallace Laux and William Fred Laux, the grantor of the plaintiff, in consideration of R. L. Geiger furnishing the caskets, undertaking and funeral services for the burial of Caroline Kark, the mother, and David Kark, the stepfather of said Wallace Laux and William Fred Laux, of the amount and value of $555.51, had, prior to the conveyance of the undivided half of the premises in controversy by William Fred Laux to the plaintiff, agreed with each other and with R. L. Geiger that they would jointly pay R. L. Geiger the amount thereof, and that such payment should be made out of the proceeds of the real estate in controversy of which they were the owners through inheritance through their father, William Laux, who died intestate December 14, 1895; that the plaintiff, Eugene Ferguson, as a part of the consideration for the purchase of the undivided one-half interest of William Fred Laux in the premises, had agreed to assume and pay one-half of the amount as a charge upon the premises; and that one-half of the $555.51, the payment of which was assumed as aforesaid by the plaintiff, is a charge and lien on the undivided one-half interest of the plaintiff in the premises and should be ordered paid out of the proceeds of the premises to R. L. Geiger prior to the payment of any part of such proceeds to the plaintiff.

On the submission of the case we find from the evidence that Wallace Laux and William Fred Laux entered into this agreement with R. L. Geiger, as claimed by the defendant Wallace Laux.

We further find from the evidence that the negotiations between the plaintiff and William Fred Laux for the purchase by the plaintiff of the undivided half interest of William Fred Laux in the premises were all conducted by letter, the plaintiff writing Laux three

letters with reference thereto and Laux writing two letters in reply to plaintiff's letters. The plaintiff and William Fred Laux, pursuant to such negotiations, entered into an agreement in writing providing for the sale of the undivided one-half interest in the premises by William Fred Laux to plaintiff, in which agreement Laux was designated as party of the first part and plaintiff was designated as party of the second part, and which, among other provisions, contained a stipulation as follows: "Said party of the second part hereby agrees to purchase said property for the sum of $200 payable in cash upon receipt of a quit claim deed on or before December 21, 1935, and an additional sum of $50 upon completion of a complete title in the name of the party of the second part."

The part of the above provision reading "upon completion of a complete title in the name of the party of the second part" is wholly ambiguous in that it may mean many different things. As this provision is ambiguous, resort may be had to extrinsic evidence to determine the meaning placed by the parties on this provision. As all the negotiations leading to the contract were conducted by letter and such letters are in evidence, the intention of the parties as to the meaning of this clause may be determined from these letters.

Upon an examination of the letters we find that they, in and of themselves, constitute a contract between the parties, of which the land contract is an incident. The proposals made by the plaintiff to William Fred Laux in the letters are ambiguous and being ambiguous are subject to the rule of construction mentioned in 13 Corpus Juris, 545, Section 516, as follows:

"Where a contract is ambiguous it will be construed most strongly against the party preparing it or employing the words concerning which doubt arises, the reason for the rule being that a man is responsible for ambiguities in his own expressions and has no right

to induce another to contract with him on the supposition that his words mean one thing, while he hopes the court will adopt a construction by which they would mean another thing more to his advantage.''

This rule is peculiarly applicable to the facts in the case at bar because William Fred Laux in his letters written in reply to the plaintiff's letters placed a construction on the proposals contained in the plaintiff's letters which is in accord with the construction reached by the application of this rule and which was not denied or repudiated by plaintiff prior to the execution of the land contract.

Applying this rule of construction to the proposals contained in plaintiff's letters, we find that plaintiff proposed, and the ambiguous clause in the land contract above mentioned means, that the amount of the funeral expenses of Caroline Kark and David Kark should be considered a charge on the real estate in controversy and that he would pay to William Fred Laux for his undivided half interest in the real estate, the sum of $200 and in addition thereto would pay the funeral expenses and that, if the amount paid by him on account of such funeral expenses did not exceed the sum of $600, he would pay to William Fred Laux, as part of the consideration for the real estate, the sum of $50. Laux in his letters in reply to this proposal clarified the proposal by suggesting that only half of such funeral expenses should be charged against his interest in the real estate, and that consequently the amount required to be paid by the plaintiff on account of such funeral expenses would be less than $600.

In 3 Pomeroy's Equity Jurisprudence (4th Ed.), 2968, Section 1237, it is stated:

''The form or particular nature of the agreement which shall create a lien is not very material, for equity looks at the final intent and purpose rather than at the form; and if the intent appear to give, or to charge, or to pledge property, real or personal, as a

security for an obligation, and the property is so described that the principal things intended to be given or charged can be sufficiently identified, the lien follows.''

From the letters it appears that it was the intent and purpose of the parties to charge the real estate with the payment of the funeral expenses, and under the rule above mentioned, the lien follows. The property having been charged by the parties with the lien, the question arises as to whether the lien may be enforced by the defendant, Wallace Laux, in this action.

William Fred Laux and Wallace Laux being jointly bound for the payment of the funeral expenses, the payment by either of half the amount would have the effect of relieving the other from liability for the payment of that half and consequently be for his benefit. Privity therefore existed between William Fred Laux, the promisee, and Wallace Laux as to the subject-matter of the payment and charge. While the charge mentioned was primarily for the benefit of Geiger, he does not seek to enforce it as against the plaintiff. However, the charge, for the reasons mentioned, also ran to the benefit of Wallace Laux, and under the rule in Ohio that a third person may maintain an action at law or in equity upon a promise made for his benefit by another, Wallace Laux is entitled to have such charge enforced in this action. 9 Ohio Jurisprudence, 446 and 453, Sections 220 and 222.

The pleadings, however, do not conform to the evidence in this action as above set forth but as the evidence was admitted without objection on this ground (objection thereto being limited to the ground that such evidence tended to vary and contradict the terms of the written land contract) leave will be given to defendant, Wallace Laux, to amend his answer and cross-petition herein to conform to the evidence, so as to show the joint agreement made by him and William Fred Laux with the defendant Geiger for the payment

of the funeral expenses of Caroline Kark and David Kark out of the proceeds of the real estate owned by them, and that the plaintiff, as a part of the consideration for the purchase of William Fred Laux's undivided one-half interest in such real estate, agreed that such funeral expenses to the amount of not to exceed $600 should be considered and treated as a charge on the premises and that he would pay the one-half thereof, and upon such amendment being made decree will be entered finding that the plaintiff is the owner of the undivided one-half interest and that the defendant, Wallace Laux, is the owner of the other undivided half of the premises; that the premises should be partitioned; that out of the proceeds thereof the costs should be paid, including a reasonable attorney fee to plaintiff's attorney, the taxes owing on the premises, the amount of the funeral expenses of Caroline Kark and David Kark evidenced by the note, with interest from December 20, 1935; and that after such payments are made the balance of the proceeds should be equally divided and paid to the plaintiff and the defendant, Wallace Laux.

*Decree accordingly.*

CROW, J., concurs.
KLINGER, J., dissents.